IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Roger Brown, ) | Civil Action No.: 4:05-414-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| GE Media, Inc., d/b/a WFXB Fox 43, ) ) | |
| ) | |
| Defendant. ) | |
| _____) | |

In this matter, plaintiff Roger Brown, filed suit in the South Carolina Court of Common Pleas for the Fifteenth Judicial Circuit in Horry County alleging wrongful termination of his employment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000, *et seq*. and 42 U.S.C. § 1981, as well as various state law claims. The defendant timely removed the action to this court on February 9, 2005. On December 21, 2005 the defendant filed a motion for summary judgment. Plaintiff filed a response in opposition on January 9, 2006,

Pursuant to the provisions of Title 28, U.S.C. § 636(b)(1)(A), and Local Rule 73.02(B)(2)(g), D.S.C., all pretrial matters in employment discrimination cases are referred to a United States Magistrate Judge for consideration. This matter is now before the undersigned for review of the Report and Recommendation ("Report"), which was filed by United States Magistrate Judge Thomas E. Rogers, III, on August 23, 2006. In the Report, after carefully considering the issues, Magistrate Judge Rogers recommends that this court grant the defendant's motion for summary judgment with regard to plaintiff's claims under Title VII and § 1981 and remand the remaining state law claims. Plaintiff filed objections to the Report on September 8, 2006.

The Magistrate Judge makes only a recommendation to this court. The recommendation has

no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a *de novo* determination of any portions of the Report and Recommendation of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of objections to the Report and Recommendation of the Magistrate Judge, this court is not required to give any explanation for adopting the recommendation. Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

As noted above, the plaintiff filed objections to the Magistrate Judge's Report and Recommendation. In order for objections to be considered by the undersigned, the objections must be timely and must specifically identify the portions of the Report and Recommendation to which the party objects and the basis for the objections. Fed.R.Civ.P. 72(b); see United States v. Schronce, 727 F.2d 91, 94 n. 4 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841, 845-47 nn. 1-3 (4th Cir. 1985). "Courts have [ ] held *de novo* review to be unnecessary in [ ] situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982).

In his objections, the plaintiff first takes issue with the Magistrate Judge's conclusion that the plaintiff fails to establish or satisfy the fourth prong of the *prima facie* case established in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). As correctly noted by the Magistrate Judge, under the McDonnell Douglas analysis, the plaintiff has the initial burden of demonstrating a *prima facie* case of discrimination. To establish a *prima facie* case, the plaintiff must show: (1) he is a member of a protected class; (2) he was qualified for his job and he was performing his job at a level that met his

2

employer's reasonable expectations; (3) he suffered an adverse employment action; and (4) the position remained open or was filled by similarly qualified applicants outside the protected class. Hill v. Lockheed Martin Logistics Mgmt., 354 F.3d 277, 285 (4th Cir. 2004). In a disparate discipline case, the fourth prong may be satisfied by establishing that other employees who are not members of the protected class were retained under apparently similar circumstances. Bryant v. Bell Atlantic Maryland, Inc., 288 F.3d 124, 133 (4th Cir. 2002).

As noted above, the Magistrate Judge concludes that the plaintiff fails to meet his burden of satisfying the fourth prong. The Report notes that the plaintiff asserts that other employees who are not members of the protected class were retained under apparently similar circumstances. Specifically, the plaintiff alleges that there was one white employee, Mr. Albright, who was allegedly similarly situated, who took time off without getting approval from Mr. Milligan. The Magistrate Judge states that while it does not appear that the plaintiff is competent to testify to what Mr. Albright did or did not do, assuming *arguendo* that Mr. Albright did take leave on one occasion in 2003 without approval from Mr. Milligan, such does not establish the fourth prong. The Magistrate Judge notes that "the plaintiff must establish that 'other employees' were similarly situated in all relevant respects; that they 'dealt with the same supervisor, [were] subject to the same standards and . . . engaged in the same conduct without such mitigating circumstances that would distinguish their conduct or the employer's treatment of them for it.'" (Report p. 13). Considering such, the Magistrate Judge concludes that factors exist that distinguish Mr. Albright from the plaintiff. He had more responsibility and had been employed with defendant for a much longer time. Most important, however, the Magistrate Judge notes that Mr. Albright had someone, plaintiff, cover for his shift. Accordingly, the Magistrate Judge finds that the plaintiff fails to satisfy the fourth prong, and therefore, a *prima facie* case has not been met.

The plaintiff objects to this conclusion and argues that by requiring him to present an employee who has the same length of employment and duties as himself is setting an impossible task, because the employer is a small company. The plaintiff also objects to the Magistrate Judge's finding that the most important difference between himself and Mr. Albright is that Mr. Albright had someone cover his shift for him. The plaintiff argues that the Magistrate Judge can not validly rely on such reasoning because he previously concluded in his Report that there was a factual question as to whether the plaintiff believed he had someone covering his shift.

This court finds that it is not necessary to resolve the aforementioned objection because the Magistrate Judge did not end his inquiry with the above. Notably, the Magistrate Judge assumes *arguendo* that the plaintiff *does* satisfy the burden of establishing a *prima facie* case. Next, the Magistrate Judge correctly notes that the burden then shifts to the defendant to produce a legitimate, nondiscriminatory reason for the termination. Texas Dept. of Community Affairs v. Burdine, 450 U.S. 248, 254 ((1981). This is merely a burden of production, not of persuasion. St. Mary's Honor Center v. Hicks, 509 U.S. 502, 506 (1993). Once the defendant has met its burden of production by producing its legitimate, nondiscriminatory reason, the sole remaining issue is "discrimination *vel non*." Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133, 143 (2000)(citing Postal Service Bd. of Governors v. Aikens, 460 U.S. 711, 716 (1983)). In other words, the burden shifts back to the plaintiff to demonstrate by a preponderance of the evidence that the legitimate reason produced by the defendant is not its true reasons, but were pretext for discrimination. Reeves, 530 U.S. at 143. During all of the burden shifting scheme set forth in McDonald Douglas, the ultimate burden of proving that defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff.

The Magistrate Judge notes that the defendant produces its non-discriminatory, legitimate reason

4

for the termination of plaintiff's employment: plaintiff's failure to follow procedure and failure to show up for his scheduled shift. After considerable analysis, the Magistrate Judge concludes that the plaintiff has failed his burden of showing that the reasons produced by the defendant are not the true reasons, but pretext for discrimination.

In the second objection, the plaintiff argues that the Magistrate Judge's conclusion regarding the plaintiff's failure to show pretext was based on reasons that the Magistrate Judge had previously found questions of fact existed on. As such, the plaintiff argues that the Magistrate Judge has made factual findings based upon disputed evidence in the record, and therefore, summary judgment is not appropriate.

After reviewing the Magistrate Judge's reasoning, this court concurs with the Report that the plaintiff has failed in his burden of showing pretext. This court interprets the Magistrate Judge's Report and also finds that even if the factual questions are viewed in the light most favorable to the plaintiff, he still has not shown pretext or intentional race discrimination. As stated by the Magistrate Judge, "[p]roof that the employer's proffered reasons is unpersuasive, or even obviously contrived, . . . does not necessarily establish that [plaintiff's] proffered reason (race discrimination) . . . is correct." Reeves, 530 U.S. at 146-47. "It is not enough to disbelieve the [employer]." Love-Lane v. Martin, 355 F.3d 766, 788 (4th Cir. 2004). Plaintiff must show a reasonable jury could "believe [his] explanation of intentional race discrimination." Id.

This court must keep in mind "[t]he ultimate question in every employment discrimination case involving a claim of disparate treatment is whether the plaintiff was the victim of intentional discrimination." Hill, 354 F.3d at 286. Furthermore, "Title VII is not a vehicle for substituting the judgment of a court for that of the employer." Jiminez v. Mary Washington College, 57 F.3d 369, 377

(4th Cir.1995). After review of the plaintiff's objection in this regard, the court finds it is without merit.

For the foregoing reasons, the court overrules all objections to the Magistrate Judge's Report and Recommendation and adopts the Report and Recommendation herein by reference. The defendant's motion for summary judgment is hereby **GRANTED** as to the plaintiff's claims under Title VII and 42 U.S.C. § 1981. The causes of action that remain are all state law causes of action. This court can decline to continue the action as to any pendent state claims if it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). As such, the state law causes of action are hereby **REMANDED** to the South Carolina Court of Common Pleas for the Fifteenth Judicial Circuit, in Horry County. A certified copy of this Order of remand shall be mailed by the Clerk of this Court to the Clerk of the Court of Common Pleas, Horry County, Fifteenth Judicial Circuit of South Carolina.

**IT IS SO ORDERED.**

                                             s/R. Bryan Harwell
                                             R. Bryan Harwell
                                             United States District Court Judge

September 29, 2006
Florence, South Carolina